[S. F. No. 52.   In Bank.—April 2, 1895.]

HENRY F. EMERIC, RESPONDENT, v. HENRY V. ALVARADO ET AL., RESPONDENTS.   LEOTA K. GUTIERREZ, APPELLANT.

DISMISSAL—FAILURE TO FILE TRANSCRIPT—DECREE IN PARTITION—SETTLEMENT OF BILL OF EXCEPTIONS.—An appeal from certain portions of a final decree in partition, taken on behalf of one of the defendants, will be dismissed upon the ground that the transcript upon appeal has not been filed as to codefendants upon whom a draft of the appellant's bill of exceptions has not been served, and the right of the codefendants to have the appeal dismissed as to them, for failure to file the transcript within time, cannot be prejudiced by the fact that the appellant has included with them, in the same notice of appeal, another party to the action, as to whom the appellant desires a bill of exceptions to be considered in connection with the judgment-roll, which has not been settled.

MOTION to dismiss an appeal from a judgment of the Superior Court of the City and County of San Francisco.

The facts are stated in the opinion of the court.

T. M. Osmont, for Appellant.

Curtis N. Lindley, for Respondents.

THE COURT.—Motion to dismiss the appeal. An appeal from certain portions of the final decree in partition, entered herein, was taken on behalf of Leota K. T. Gutierrez, one of the defendants, March 23, 1894, and certain of the respondents have moved to dismiss the appeal under rule V of this court, upon the ground that the transcript on appeal has not been filed. The appellant seeks to avoid the effect of the rule by showing that she has served upon the attorney for the plaintiff the draft of a bill of exceptions containing the errors of the trial court, and matters relating thereto, which she desires to have considered upon the appeal, and that the trial judge has not yet settled this bill of exceptions. The draft of this bill of exceptions was not served upon the attorneys for the parties moving herein, and the affidavits on their behalf that no statement or bill of exceptions has been proposed to or served upon them are not controverted by the appellant. As the record to be considered upon the appeal as to these respondents consists of the judgment-roll alone, without any bill of exceptions, it was incumbent upon the appellant to file the transcript within the time prescribed by rule II. The right of the respondents to have the appeal dismissed as to them, for failure to file the transcript within this time, cannot be prejudiced by the fact that the appellant has included with them, in the same notice of appeal, another party to the action, between whom and herself she desires a bill of exceptions to be considered in connection with the judgment-roll, and which has not been settled.

The motion must be granted, and it is ordered that the appeal be dismissed as to the respondents Emily S. Tewksbury, George Leviston, W. W. Sanderson, Lafayette I. Fish, Simon Blum, Isabella Castro de O'Neil, Frank Silveira Soito, Frank Silveira Soito as administrator of the estate of Rosa G. Moitozo de Sorto, deceased, Philip G. Galpin, Victor Castro, Richard O'Neill, and P. John Prendergast, Richard O'Neill, and William Gleason as trustees and *cestui que trust,* and Richard P. Ham-

mond, Jr., Albert E. Crane, and John F. Sheehan, referees in partition, George F. Allardt, surveyor in partition, Bernardo Andrada, Dolores Castro de Barovich, Frederich Blume, James Curry, John Fay, Ann S. Galvin, executrix of the will of William Galvin, Kate Griffins, administratrix of Owen Griffins, Theodore H. Hittel, Thomas R. Horton, William H. Horton, Eugene Le Roy, George Le Roy, John McLure, Thomas W. Mulford, James Mulholland, Northern Railway Company, Francisco Silveria de Rose, Rene de Tocqueville, Anita Castro de Soto, and Thomas B. Wright.

Rehearing denied.